UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, EDWIN CROSBY, III, BARBRA WRIGHT, MARY REYNOLDS, CLASS OF NAMED PLAINTIFFS, CLASS OF UNNAMED PLAINTIFFS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, and ERIC KEN SHINSEKI, Secretary of the U.S. Dept. of Veterans Affairs, <br><br> Defendant. | Case No. 1:12-cv-00330-EJL-LMB <br><br> **INITIAL REVIEW, REPORT AND RECOMMENDATION** |

**INTRODUCTION**

This action is before the Court on Plaintiffs' Application to Proceed in forma pauperis (Dkt. 1), and Motion for Emergency Injunction and Mandamus.  (Dkt. 5).  The presiding District Judge in this case, Hon. Edward J. Lodge, has referred this action to the undersigned for rulings all non-dispositive issues, and report and recommendations on all dispositive matters.  (Order of Reference, Dkt. 7).

Plaintiffs' Complaint was conditionally filed on June 28, 2012, by the Clerk of Court, due to the request for in forma pauperis status. (Dkts. 1-2). The Court now reviews the Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court also reviews the Motion to Proceed in Forma Pauperis, and Plaintiff Gary Kendall's Motion for Emergency Injunction.

Having reviewed the record, studied the Complaint, and otherwise being fully informed, the Court enters the following Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## DISCUSSION

### A.    Standard of Law

A court is first required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A. After conducting such a review, the Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Generally, in conducting this review, Plaintiff's pro se pleadings must be liberally construed and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity

to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment").

However, "[i]n determining whether a complaint is frivolous, "a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of a plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (emphasis in original). A court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.; see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding that a in forma pauperis complaint "is frivolous if it has no arguable basis in fact or law.").

**B.      Factual Allegations**

In a rambling 61-page Complaint, filed on June 28, 2012, Plaintiffs[1] allege that the Department of Veterans Affairs (VA) "delay, deny, and withhold proper medical care so as to ... accelerate the deaths of Veterans...."  Plaintiffs attempt to make claims under wide variety of statutory and common law grounds including: civil rights, equal protection, due process, terrorism, gender bias, illegal segregation, defamation, extortion, medical malpractice, wrongful death, genocide, murder, a breach of a fiduciary duty.

---

[1] While there are several named Plaintiffs in this action, it appears that only Plaintiff Gary Kendall is actively litigating this case.

Then, on August 6, 2012, Plaintiff Gary Kendall filed a Motion for Emergency Injunction.  (Dkt. 5).

Among other things, Kendall claims in his motion that the VA improperly denied him prescription medication, and that denial causes an "immediate threat to [his] life." (Id.)  Kendall seeks a Court order prohibiting the VA from denying him medication, from overseeing any of Kendall's medical care, and requiring that the "VA compensate without delay, question, deduction, or adjustment - the private medical providers of petitioner's choice for any and all services."  (Id.)

As a preliminary observation, the Court is familiar with Mr. Kendall, as he has filed eighteen other actions in this district since May 2001.  At least five of his previous lawsuits involved the same or similar defendants and many of Kendall's claims have been dealt with previously by the District Court.

## C.     Analysis

### 1.     Class Complaint

Plaintiffs appear to bring this case as a class action.  However, none of the named Plaintiffs are attorneys. While each individual plaintiff may appear on their own behalf (28 U.S.C. § 1654), Plaintiffs have no authority to appear as an attorney for other persons in a class action. *McShane v. U.S.,* 366 F.2d 286, 288 (9th Cir. 1966).  Further, Plaintiffs fail to meet the "adequate representation standard of Rule 23(a)(4). It is clear that "[t]his rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-

standing general prohibition against even attorneys acting as both class representative and counsel for the class." *Torrez v. Corrections Corp. of America,* CV 09-2298-PHX-MHM, 2010 WL 320486, *1 (D. Ariz. January 20, 2010) (*quoting Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983)).

Plaintiffs therefore, as a matter of law, cannot prosecute the instant action as a class action. *Id. See also Welch v. Terhune,* 11 Fed.Appx. 747, 747(9th Cir. 2001)(citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

## 2.     Subject Matter Jurisdiction

Pursuant to 38 U.S.C. § 511(a), a district court lacks federal subject matter jurisdiction to review a claims decision made by the VA.  The thrust of Plaintiff's Complaint is based upon the VA's denial of certain benefits, including allegations that the VA: (1) failed to provide necessary medical services, (2) denied Petitioner's service-connected disability claim, (3) denied Petitioner's domiciliary benefits claim, and (4) refused to pay compensation for private emergency medical care.

It is beyond dispute that federal law precludes district courts from reviewing such claims. The relevant statute clearly states:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). This statute precludes judicial review "of those decisions of law or fact that arise in the administration by the Veterans' Administration of a statute providing

INITIAL REVIEW, REPORT AND RECOMMENDATION - 5

benefits for veterans." *Johnson v. Robison*, 415 U.S. 361, 367 (1974) (construing predecessor statute, 38 U.S.C. § 211(a)); *see also Tietjen v. U.S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989) (construing predecessor statute, 38 U.S.C. § 211(a), to preclude judicial review of "decisions of law or fact concerning the administration of benefits legislation"). Thus, a district court may not adjudicate whether the VA acted properly in handling a request for benefits. *See Thomas v.Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005).

Allegations regarding the VA's alleged wrong-doing in its handling of requests for benefits, including Plantiffs' claims here for: (1) medical services, specifically the provision of a medical specialist; (2) service-connected disability; (3) domiciliary benefits; and (4) compensation for private emergency medical care are all covered by the "no-review" statute, 38 U.S.C. § 511(a). *See Thomas*, 394 F.3d at 974 (holding claim that VA failed to provide appropriate medical services not subject to review); *Tietjen*, 884 F.2d at 515 (holding decision to decrease service-connected disability claim not subject review) (construing predecessor statute, 38 U.S.C. § 211(a)); *Moore v. Johnson*, 582 F.2d 1228, 1233 (9th Cir. 1978) (holding decision regarding domiciliary benefits not subject to review) (construing predecessor statute, 38 U.S.C. § 211(a)); *Price v. U.S.*, 228 F.3d 420, 421 (D.C. Cir. 2000), *cert. denied*, 534 U.S. 903 (2001) (holding decision to deny claim for reimbursement for medical services at non-VA medical facility not subject to review).

The appropriate process for seeking review of a decision to deny benefits is provided by statute.  Specifically, all appeals from adverse decisions must first go to the

Board of Veterans' Appeals within the VA. *See* 38 U.S.C. § 7104(a). The Board decides appeals only after a claimant has been given the opportunity for a hearing. *See* 38 U.S.C. § 7105(a). Decisions made by the Board may be appealed to the Court of Appeals for Veterans Claims ("CAVC"), and from there to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 7252, 7292(a). This is the "exclusive avenue for redress of veterans' benefits determinations." *Price,* 228 F.3d at 421.

In summary, to the extent Plaintiffs seek review of the VA's decisions with respect to a veterans' claim, as a matter of law, the United States District Court for the District of Idaho lacks subject matter jurisdiction to consider these claims. *See* 38 U.S.C. § 511(a). Therefore, it is recommended that the District Court dismiss Plaintiff's claims arising from the allegations that the VA: (1) did not provide him with a medical specialist evaluation, (2) denied his application for disability claims, (3) denied him domiciliary benefits, and (4) refused to compensate him for the provision of private emergency health care. This necessarily includes Plaintiff's constitutional claims, which are, in substance, challenges to the VA's denial of benefits. *See Tietjen v. U.S. Veterans' Admin.*, 884 F.2d at 515; *Weaver v. U.S.*, 98 F.3d 518, (10th Cir. 1996) (holding that when determining whether claim seeks review of VA decision regarding benefits, "[w]e examine the substance of these allegations rather than plaintiff's labels, to determine their true nature"); *Hicks v. Veterans Admin.*, 961 F.2d 1367 (8th Cir. 1992) (holding district court lacked jurisdiction to review claim that unconstitutional retaliatory conduct was cause of reduction in veterans disability rating and benefits); *Sugrue v. Derwinski,* 26 F.3d 8, 11

(2d Cir. 1994) (holding "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms"). These claims should be denied with prejudice, because Plaintiff cannot amend the Complaint to save these claims from future dismissal.

### 3. Remaining Criminal-Based Claims (Terrorism, Gender Bias, Segregation, Record Tampering, Defamation, Extortion, RICO violations, Wrongful Death, Genocide, and Attempted Murder)

Plaintiffs' Complaint includes a number of outlandish claims, such as terrorism, genocide, and attempted murder. However, this is a civil action, and as such, Plaintiffs cannot make such claims here. These various claims are charges of criminal conduct, which cannot be pursued in a civil action. *See, e.g., Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action); *Fiorino v. Turner*, 476 F.Supp. 962, 963 (D.Mass. 1979).

Further, amendment of the Complaint cannot possibly save these claims as a matter of law.  Accordingly, it is recommended that the District Court dismiss Plaintiffs' remaining claims with prejudice.

## D. Kendall's Motion for Injunctive Relief

The standard for issuance of injunctive relief requires a demonstration of the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance if potential harm favors the moving party; and (4) that the public interest favors granting relief.  *Winter v. Natural Resources Defense Council, Inc.*, – U.S. –, 129 S.Ct. 365, 374

(2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).  "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."  *Dominion Video Satellite v. Echostar Satellite Corp*., 269 F.3d 1149, 1154 (10th Cir. 2001); *see also Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir. 1994) (relief must be denied unless the facts and law clearly favor the moving party).

While a preliminary injunction request places a court in the position of preliminarily reviewing the merits of the claims contained in the complaint, a preliminary injunction is *not* for the purpose of adjudicating the merits of the claims, but, rather, it is "a device for preserving the status quo and preventing the irreparable loss of rights before judgment."  *Sierra On-Line v. Phoenix Software*, 739 F.2d 1415, 1422 (9th Cir. 1984). Because the record in this pending action is "insufficiently complete to allow a reliable resolution on the merits" at the preliminary injunction stage, the Court's task is to "review the propriety of the injunction, not the ultimate merits of the case, unless it is clear that the litigation should be terminated."  *Id*.  The district court is to exercise discretion in such a manner to "minimize the risk that a litigant will suffer an irreparable loss of legal rights in the period before final resolution of the dispute."  *Id*.

On such a motion, the district court "is not required to make any binding findings of fact; it need only find probabilities that necessary facts can be proved."  *Id*. at 1423. A court "is not obligated to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm."  *Bradley v. Pittsburgh Board of Education,*

INITIAL REVIEW, REPORT AND RECOMMENDATION - 9

910 F.2d 1172, 1176 (3rd Cir. 1990).  Stated another way, "preliminary injunctions are denied without a hearing, despite a request therefor by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless."  *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984)(quoting C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2949 at 478-79 (1973)).

Having considered Plaintiff Kendall's requests, the Court determines that such relief should be denied without hearing, based on the record before the Court, for the following reasons: (1) The Court is without jurisdiction to hear Plaintiffs' claims; (2) Plaintiffs have not shown a likelihood of success on the merits; and (3) Despite his allegations of impending death, Kendall has not shown that irreparable injury is likely.

**E.     Conclusion**

Taking all of the allegations raised in the Complaint as true, the Complaint simply does not support any claim for relief from this Court. Therefore, it is recommended that the Complaint be dismissed in its entirety.

## RECOMMENDATION

Accordingly, it is hereby RECOMMENDED:

1)  Plaintiffs' Motion for Injunction (Dkt. 5) be DENIED;

2)  Plaintiffs' Motion to Proceed in Forma Pauperis (Dkt. 1) be DENIED; and

3)  Plaintiffs' Complaint (Dkt. 2) be DISMISSED with prejudice.

**OBJECTIONS**

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 626(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 21, 2012

Honorable Larry M. Boyle
United States Magistrate Judge