UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-CV-00330-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

United States Magistrate Judge Larry M. Boyle Dale issued An Initial Review, Report and Recommendation in this matter. (Dkt. 10.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Initial Review, Report and Recommendation. Plaintiff Gary Kendall filed an objection on September 4, 2012. (Dkt. 13).  Because the defendants have not yet appeared in this matter, the Court need not let the time run for responses to the objection and the matter is now ripe for the Court's review.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, an objection was filed so the Court shall conduct a *de novo* review of the objected portions of the Initial Review, Report and Recommendation. The Court has reviewed the Initial Review, Report and Recommendation and the record in this matter and finds no clear error on the face of the record. Moreover, the Court finds the Initial Review, Report and Recommendation is well-founded in the law based on the facts of this particular case and this Court is in agreement with the same.

The Court agrees with the magistrate judge that because Plaintiff Gary Kendall ("Kendall") is not an attorney licensed to practice in this Court he may not represent the interests of other individuals listed as Plaintiffs in the Complaint. Dist. Idaho Loc. Civ. R. 83.7. Kendall attempts to circumvent this rule by filing a motion to certify a class action and for appointment of class counsel (Dkts. 11 and 12), but again Kendall cannot represent other pro se litigants even on his motion to certify a class since he is not an attorney licensed to practice in this Court.

Next, Kendall objects to the magistrate judge's description of his complaint as being a challenge to the lack of adequate veterans' services being provided to Kendall and other similarly situated plaintiffs. Regardless of how Kendall attempts to define his causes of action in his Complaint, it seems his primary complaint is that the Department of Veterans Affairs (VA) "delay, deny, and withhold proper medical care so as to ... accelerate the deaths of Veterans. . . ." Plaintiffs attempt to also make claims

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

under wide variety of statutory and common law grounds including: civil rights, equal protection, due process, terrorism, gender bias, illegal segregation, defamation, extortion, medical malpractice, wrongful death, genocide, murder, a breach of a fiduciary duty.  The Court has examined the claims and agrees with the magistrate judge that this Court lacks jurisdiction to review Kendall's allegations against the VA, that criminal causes of action may not be filed by an individual, and that the remaining claims referenced as civil rights claims are actually claims that must be pursued via the VA's administrative and hearing process.

The Court acknowledges Kendall's frustration with the VA, but this Court is a court of limited jurisdiction and the case law and applicable federal statutes clearly establish that the majority of the complaints raised by Kendall are of a nature that are to be addressed by the VA administrative and VA courts and that is his exclusive forum for relief.   38 U.S.C. § 511(a); *Hicks v. Veterans Admin*, 961 F.2d 1367 (8th Cir. 1992); *Tietjen v. United States Veterans Admin.*, 884 F.2d 514(9th Cri. 1989).

### ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Initial Review, Report and Recommendation (Dkt. 10) shall be **INCORPORATED** by reference and **ADOPTED** in its entirety.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

**IT IS THEREFORE ORDERED**:

1. The case is **DISMISSED IN ITS ENTIRETY** based on this Court's lack of jurisdiction over the claims against the VA and the fact that Kendall cannot bring an action alleging criminal violations by the Defendants.

2. Plaintiff Kendall's Motion for Emergency Injunction and Mandamus (Dkt. 5) is **DENIED.**

3. Plaintiff Kendall's Motion to Proceed in Forma Pauperis (Dkt. 1) is **DENIED AS MOOT**.

4. Plaintiff Kendall's Motion to Certify Class and Appoint Class Counsel (Dkt. 11 and 12) are **DENIED.**

5. The Court shall not entertain any further motions in this matter as the case is **CLOSED**.

DATED: **September 14, 2012**

Honorable Edward J. Lodge
U. S. District Judge